**WALKER–SMITH CO. v. ROAN.**

No. 10061.

Court of Civil Appeals of Texas. Galveston.

Jan. 24, 1935.

Hal B. Stoneham, of Navasota, and McDonald & Wayman and H. E. Kleinecke, Jr., all of Galveston, for appellant.

T. P. Buffington, of Navasota, for appellee.

GRAVES, Justice.

This appeal is the second one on successive judgments below refusing appellant any recovery on its claim for a balance due it from the appellee under a contract of employment, whereby she sold goods for it in the Navasota territory from April of 1928 to the end of February of 1929; the record of the former one will be found under the same style as this in 43 S.W.(2d) at page 1108.

The issues presented on the two appeals are, however, materially different in two respects: In the former, certain evidence was held to have been erroneously excluded, and, in the total absence of any evidence then presented by the appellee in support of her contention as to the nature of the contract, it was assumed to have been what appellant claimed. 43 S.W.(2d) at page 1109[3]. Whereas in this instance the excluded evidence was received and the appellee fully supported by testimony from herself and her son what she insisted the contract had been; the learned trial court, sitting without a jury, after so rendering judgment in her favor, filed in support thereof these findings of fact and law:

"Findings of Fact.

"Walker-Smith Company is a Corporation incorporated under the laws of the State of Texas, in 1895, to purchase and sell goods, wares and merchandise.

"Walker-Smith Company is now and has been continuously since its incorporation in 1895, a wholesale dealer in groceries and other commodities usually sold by the wholesale grocer. Its parent store is located at Brownwood, Texas. The Galveston store of Walker-Smith Company served what is known as the Navasota territory.

"On April 9, 1928, Mrs. Lee Roan went to work for the Walker-Smith Company and continued in its employ to February 28, 1929. Mrs. Roan was to receive and did receive $50.00 per week for expense account and thirty-five per cent of the net profits on sales made by her. And it is further found that it was not a part of her contract of employment that she was to be charged with losses on accounts which had been accepted by plaintiff.

"It is further found by the Court as a matter of fact that Mrs. Lee Roan, the defendant, did not owe the plaintiff anything on the indebtedness asserted by the plaintiff.

### "Findings of Law.

"The Court holds that as a matter of law on the foregoing statement of fact, that the plaintiff under its contract of employment with Mrs. Lee Roan was not entitled to recover since a legal construction of a contract between the parties in no way rendered her liable for losses incurred on sales made by her, or for the moneys forwarded to her for the payment of expense.

"S. W. Dean,
"Judge of Twelfth Judicial
District of Texas."

Under the explicit testimony of both Mrs. Roan and her son that the $50 per week was only to be part of a guaranteed salary of $200 per month—which she was to retain as such in any event—and that in addition she was to get 35 per cent. of the net profits on sales made by her but was not to stand any part of losses sustained thereon, the appellant obviously misconstrues the court's very succinctly stated fact finding on this feature into being to the effect that the $50 weekly payments were only to be mere advancements on expenses, which she was thereafter required to account to it for on a balancing of accounts between them; having (presumably in acceptance of her stated testimony as to just what the agreement had been) further found that on the whole controversy she owed it nothing, clearly no such interpretation may be indulged in contradiction of the judgment rendered.

This reduces the sole question presented here to one of whether or not there was sufficient supporting proof for the findings made, and being of opinion that there was, this court will affirm the action taken below.

Affirmed.